JOHN FOUNTAIN, PETITIONER-RESPONDENT, v. BOOTH & FLINN, LTD., RESPONDENT-APPELLANT.

Submitted February 17, 1939—Decided April 21, 1939.

For the respondent-appellant, *Collins & Corbin* (*Edward A. Markley* and *Patrick F. McDevitt*).

For the petitioner-respondent, *William R. Sewell*.

PER CURIAM.

This is a workmen's compensation case in which the respondent sought compensation for injuries to his head alleged to be the result of a fall suffered by him while engaged in his employment by the appellant in the Holland Tunnel. There is no denial of the accident nor of the fact that there was an injury to the head, there being a long laceration of the scalp running from the back to the front on the right side of the head. The dispute below was as to whether or not the dizziness, impairment of sight and hearing, loss of memory, impairment of muscular movement in parts of the body, which respondent has suffered since the fall, are the result of an injury to his brain claimed to have been sustained in the fall.

The Workmen's Compensation Bureau found in favor of the employer and dismissed the petition. On appeal to the Court of Common Pleas, this determination was reversed, and judgment was entered in favor of the respondent. On *certiorari* the Supreme Court affirmed the award, and the employer now appeals to this court.

The sole point argued is that the evidence established that respondent's disability was due to natural causes and there was no competent evidence that his disability was due to an accident arising out of and in the course of his employment.

Appellant, of course, is confined to the argument that there is no competent evidence to sustain the judgment. *Rubeo* v. *McMullen Co.,* 120 *N. J. L.* 182. This court will not weigh the evidence. *Berman* v. *Levenstein,* 121 *Id.* 139.

Our examination of the proofs leads us to the conclusion that there was competent evidence in support of respondent's claim in the testimony of the respondent himself and the testimony of Drs. Powell and Beling. This evidence raised a dispute of fact, and in that situation this court will not reverse.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, DONGES, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 12.

*For reversal*—None.